# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2019-0718, <u>Jeffrey Thomas Clay v. Newmarket School District</u>, the court on October 1, 2020, issued the following order:**

Having considered the parties' briefs and the record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). The motion filed by the plaintiff, Jeffrey Thomas Clay, to strike portions of the brief and appendices filed by the defendant, the Newmarket School District, is denied.

The plaintiff appeals orders of the Superior Court (<u>Wageling</u> and <u>Honigberg</u>, JJ.) that: (1) denied his request that the school district's attorney be removed from the case; (2) concluded, based upon offers of proof, that the school district's redactions to documents produced in response to his July 2016 request did not violate the Right-to-Know Law; (3) denied the plaintiff's request that the court review <u>in</u> <u>camera</u> the thousands of documents produced in response to that request; (4) denied the plaintiff's request that the school district be ordered to prepare a "<u>Vaughn</u>" index, <u>see</u> <u>Vaughn v. Rosen</u>, 484 F.2d 820 (D.C. Cir. 1973); and (5) awarded the school district attorney's fees and costs because of the dearth of evidence supporting the plaintiff's allegations against the school district's attorney. The school district cross-appeals the trial court's determination that the district violated the Right-to-Know Law by discussing a letter of resignation and the applicants to serve on a superintendent screening committee in nonpublic sessions. We affirm.

The trial court found the following facts. In July 2016, the plaintiff requested that the school district provide "any and all email or text communications sent or received by any school district administrator, school board member, or superintendent search, screening or selection committee member occurring between October 1, 2015 and December 31, 2015 which relates in any manner to the superintendent search undertaken by the school board/district." In response, the school district produced approximately 13,000 pages of records, although many of the pages were substantially redacted. When the plaintiff objected to the redactions, the then-superintendent of schools informed him that the school district had redacted "[d]uplicates of e-mails and e-mails unrelated to [his] request," "[r]outing and IP address information," and "personal information, including e-mail addresses of non-employees."

In April 2019, the plaintiff requested that the school district produce invoices from any law firm or attorney with emails or other documents relating to or concerning him, including his prior allegations of misconduct by the district. His request included emails between the district or its employees and legal counsel. The school district provided the requested information, but redacted information protected by the attorney-client privilege. On appeal, the plaintiff has not briefed an argument challenging those redactions. Accordingly, we deem any such argument waived.

Thereafter, the plaintiff brought the instant action, contending, among other things, that the school district's response to his 2016 right-to-know request violated the Right-to-Know Law. He alleged that the numerous redactions were designed to conceal the wrongdoing he attributes to the school district and to its attorney in a prior right-to-know case involving the parties. He also argued that the district violated the Right-to-Know Law by discussing a letter of resignation and the applicants to serve on a screening committee for superintendent candidates in nonpublic sessions. Subsequently, the plaintiff brought a motion alleging that the school district's attorney had committed perjury, falsified evidence, and otherwise engaged in improper conduct in the prior case between the parties and requesting that the court remove her as the district's counsel.

The trial court held a hearing in July 2019 to address pending motions and conduct a hearing on the merits. The trial court denied the plaintiff's motion to have the district's attorney removed from the case, determining that "there is no competent evidence" that she engaged in improper conduct in the prior case. In addition, the court awarded the school district the attorney's fees and costs it incurred in litigating the plaintiff's claims against its attorney on the ground that his claims were frivolous and vexatious. Specifically, the court found:

> Plaintiff has raised his allegations of wrongdoing in multiple forums, and has had the reasons underlying his confusion concerning the details of the superintendent search explained to him on multiple occasions. Plaintiff's purported evidence of wrongdoing has been reviewed by several impartial persons or entities, all of which have concluded that the evidence presented did not support Plaintiff's allegations. Nonetheless, Plaintiff has once again raised these allegations in an attempt to remove his opponent's attorney from this case. While Plaintiff is under no obligation to accept the explanations he has repeatedly been given, the Court finds and rules that Plaintiff's decision to litigate [the attorney's] alleged wrongdoing in the course of this action, without any competent evidence in support thereof, was frivolous and vexatious.

2

On the merits of the plaintiff's right-to-know claims, the court found that its review of a sample of the redacted documents responsive to his 2016 request "is consistent with [the school district's] representations (to Plaintiff[ ] and to the Court) that only network, IP, or other metadata-type information was redacted from those documents." The court further found that even if the plaintiff had established that personal information, including the email addresses of non-employees of the school district, was responsive to his request, redaction of that information was proper. The court described and then applied the balancing test we use to determine whether disclosure of public records constitutes an invasion of privacy. See Lamy v. N.H. Pub Utils. Comm'n, 152 N.H. 106, 109 (2005); see also RSA 91-A:5, IV (2013). The court determined that there "is a relatively strong privacy interest in the personal information at issue," and a correspondingly "very low" public interest in the disclosure of that information given that the superintendent who was selected in 2016 no longer holds that post.

The court declined to conduct an in camera review of the documents based upon the plaintiff's speculation that the redactions were improperly made. The court also declined to order the school district to create a Vaughn index of the documents, reasoning that such an index was not warranted given the school district's offer of proof and the evidence that the district "made careful, exacting redactions rather than routinely withholding entire documents." See N.H. Right to Life v. Dir., N.H. Charitable Trusts Unit, 169 N.H. 95, 125 (2016) (explaining that Vaughn index includes general description of each document withheld and justification for the nondisclosure).

The court found in the plaintiff's favor on his claim that the school district violated the Right-to-Know Law by discussing a letter of resignation and applicants to serve on a superintendent screening committee in nonpublic sessions. The school district argued that doing so complied with the law because such discussions might reveal information "which, if discussed in public, would likely affect adversely the reputation of any person," other than a school board member. RSA 91-A:3, II(c) (2013). The district did not suggest that it had reason to believe that discussing the particular letter of resignation or specific applicants at issue was likely to involve matters that, if discussed publicly, would likely cause reputational harm. See id. Rather, the district suggested that, because it could not know whether such matters would come up until the discussions actually took place, discussing resignation letters or applicants for a superintendent screening committee could always take place in nonpublic sessions. The trial court rejected the school district's broad interpretation of the statute, ruling that before entering into nonpublic sessions on this basis, the school district "must engage in some form of threshold inquiry in order to determine" whether discussing the specific letter or applicants at issue would likely adversely affect the reputation of someone not on the board.

Both parties unsuccessfully moved to reconsider.  In response to the district's motion, the trial court clarified that it did not intend to "suggest that a board member must put his or her reasoning in the minutes, or state them in the record, before entering into nonpublic session."  The "threshold inquiry" to which the trial court referred could "and in most cases, probably should occur entirely within a particular board member's own mind."  The court clarified that it intended only to reject the school district's implied assertion that "it is always appropriate to enter nonpublic sessions" when discussing matters such as resignation letters or applicants to serve on screening committees.  "In other words," the court reasoned, "the likelihood contemplated by [the statute] is not the likelihood that the discussion of letters of resignation [or applicants] in general poses a risk of reputational harm, but the likelihood that the board's discussion of a specific letter of resignation [or applicant] poses such a risk."  This appeal and cross-appeal followed.

We first consider the plaintiff's appeal.  On appeal, the plaintiff argues that the award of attorney's fees to the school district constituted an unsustainable exercise in discretion because: (1) the trial court did not find that he brought his entire lawsuit against the district in bad faith; (2) his motion to have the attorney removed "was completely reasonable based upon the record and supported by the evidence"; and (3) his motion was necessary to bring to light the attorney's alleged conflict of interest and misconduct.  The plaintiff also contends that the trial court erroneously upheld the school district's redactions to the 13,000 documents disclosed in 2016 by accepting the school district's offer of proof instead of reviewing the documents in camera or requiring the district to create a Vaughn index.

The plaintiff has the burden of demonstrating reversible error.  Gallo v. Traina, 166 N.H. 737, 740 (2014).  Based upon our review of the trial court's well-reasoned orders, the plaintiff's challenges to them, the relevant law, and the record submitted on appeal, we conclude that he has not demonstrated reversible error.  See id.

We turn next to the school district's cross-appeal.  In its cross-appeal, the school district repeats the arguments it made in its motion to reconsider related to the trial court's reference to the "threshold inquiry" that must be made going into nonpublic session under RSA 91-A:3, II(c).  The school district asserts that the statute "does not require that[,] before going into non-public session[,] . . . the board must explain or engage in any other form of threshold inquiry as to why the board believes discussion of the matter in public session would likely adversely affect the reputation of any person."  However, in denying the school district's motion to reconsider, the trial court made clear that it did not impose such a requirement.  The trial court merely rejected the school district's broad suggestion that discussing letters of resignation or applicants to screening committees always poses a risk of reputational harm and, therefore, must always be discussed in nonpublic session.  In its appellate

4

brief, the school district does not acknowledge that the trial court clarified its original ruling much less argue that, even as clarified, the trial court's statutory interpretation is incorrect.  Under these circumstances, the school district has failed to persuade us that the trial court committed reversible error.  See Gallo, 166 N.H. at 740.

Affirmed.

Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,
Clerk**